SULLIVAN, Justice,
for the Court.
Jimmy Voyles appeals the denial of his petition for writ of habeas corpus by the Circuit Court of Sunflower County. We remand for further proceedings.
Voyles was convicted of capital murder on October 7, 1976, and given the death penalty. He was immediately transported to the maximum security unit at Parchman pursuant to Mississippi Code Annotated, Section 99-19-55(1) (1972). His appeal was affirmed by this Court on September 20, 1978.
*502 On May 13, 1980, the United States District Court for the Northern District of Mississippi granted Voyles’ petition for writ of habeas corpus on the ground of ineffective assistance of counsel. Before retrial Voyles pled guilty to manslaughter and was sentenced to twenty (20) years in the custody of the Mississippi Department of Corrections.
Voyles’ petition for writ of habeas corpus in the Circuit Court of Sunflower County claimed that he was wrongfully denied “earned good time” credits for the period from October 7, 1976, when he was convicted, sent to Parchman and confined in the maximum security unit as a Class IV prisoner, to October 10, 1980, when he was reclassified as a Class III prisoner. He has no complaint about the calculation of his earned time after October 10, 1980.
Earned time is specifically provided by Mississippi Code Annotated, Section 47-5-139 (Supp.1987), and has as its stated purpose:
In order to encourage discipline, a distinction shall be made in the treatment of offenders so as to extend to all such as are orderly, industrious and obedient the comforts and privileges according to their deserts.
Mississippi Code Annotated, Section 47-5-139 (Supp.1987).
The award of earned time is administered by a classification committee. Section 47-5-139. The Mississippi Department of Corrections is charged with the formulation of rules and regulations to guide the committee in the award of earned time. Mississippi Code Annotated, Section 47-5-138 (Supp. 1987). The committee meets regularly, and there is at least a yearly review of all prisoners’ classifications. Mississippi Code Annotated, Section 47-5-103 (Supp.1987).
There are four classifications of prisoners. Class IV offenders are allowed no earned time; class III offenders may earn up to eight days reduction for each month served; class II offenders may earn up to twenty days reduction for each month served; class I offenders may earn up to thirty days reduction for each month served. Section 47-5-139(2). Section 99-19-55(1) requires that any person convicted of a capital offense on whom a death sentence has been imposed be confined in the maximum security unit at the State Penitentiary at Parchman. Although there is no statute directly on point, by tradition, all prisoners on death row are classified as Class IV. The classification assigned to an offender determines his work duties, living quarters, educational, vocational or other rehabilitation programs, and privileges accorded the offender.
The award of earned time is primarily based upon behavior, willingness to work and good performance at the job. Section 47-5-138(2). The MDOC Policy and Procedures manual, policy no. 11.06.3, states, “It is the policy of the Mississippi Department of Corrections to award earned time to offenders whose work performance and institutional conduct warrant this consideration.” Section 47-5-103 further provides:
The committee in assigning classifications shall consider the offender’s age, offense and surrounding circumstances, family background, education, practical or employment experience, interests and abilities as evidenced by mental and psychological examination and knowledge obtained by the committee in personal interview with the offender.
Mississippi Code Annotated, Section 47-5-103 (Supp.1987).
According to institution officials, death row inmates, because of their peculiar status and confinement in maximum security, have their own system of behavioral rewards of television privileges, freedom to leave their cells and walk in the halls, etc. Death row inmates, however, are not eligible for work assignment, save some small duties in their own area. Disciplinary records are kept in their permanent files.
The State here urges, and the lower court found, that the appellant was legally incarcerated as a Class IV prisoner between October 1976 and October 1980 and ineligible for earned time under the laws in effect at the time of his conviction and incarceration. The United States District Court, however, has found that his convic *503 tion and sentence were illegal. If his conviction and sentence were illegal, his confinement on death row was improper. If Voyles had not been on death row, he would have been eligible for consideration for earned time credit. It is the opinion of this court that under the circumstances of this case, full earned time credit must be given Voyles, if deserved, for the years of incarceration on death row.
The determination of whether such earned time credit is due Jimmy Voyles is peculiarly within the province of the appropriate officials of the Mississippi Department of Corrections and the Classification Committee. See, Bartholomey v. State, 267 Md. 175, 297 A.2d 696 (1972). We, therefore, remand this case to the Circuit Court of Sunflower County for a proper review by these State officials, through whatever means necessary, of the propriety of earned time credits for Voyles from October 1976 until October 1980.
REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., concurs in results only.